## In re ANDERSON.

### No. 19036.

District Court, W. D. Pennsylvania.

Sept. 4, 1942.

Watson B. Adair, of Pittsburgh, Pa., Referee in Bankruptcy, Special Master.

Charles F. C. Arensberg and Robert D. Ferguson, both of Pittsburgh, Pa., for bankrupt.

Wright & Rundle and J. Burton Norris, all of Pittsburgh, Pa., for Madge R. Brackenridge, objecting creditor.

GIBSON, District Judge.

The petitioner for discharge was declared a bankrupt on January 21, 1935. To his petition for discharge a creditor filed a number of objections. These were referred to Watson B. Adair Esquire, Referee, as Special Master, to report the testimony with recommendation upon the petition. The Referee duly reported and found that the eighth, tenth, eleventh and twelfth objections were sustained, and recommended that the discharge be refused. The specifications of objections which were sustained each have statutory basis, namely, the charge that the bankrupt had failed to keep books of account or records from which his financial condition might be fully ascertained.

After the report of the Special Master had been filed, the sustained objections, pursuant to petition, were again referred to him for further consideration, and, after hearing further testimony, the Master again reported and made the same recommendation as in his original report. Exceptions thereto were duly filed and have been heard.

The court feels that the refusal of the discharge, as recommended, would be unduly severe in view of the facts found. In his final report the Master said: "The additional testimony explains as well as could be expected in the absence of records, what bankrupt did with the cash which his books show he withdrew from bank. The objections to his discharge are based, however, not on the absence of an explanation but on the failure to indicate the explanation on his books."

The Master has thus plainly found that the bankrupt, under the testimony adduced, had not been proven guilty of an intent to defraud his creditors. True, the present statute does not, as did its predecessor, require an objecting creditor to prove such an intent; but the present Act, although relieving the objecting creditor of proof of intent, does not wholly ignore the intent in failure to keep proper books and records. The 14th Section of the Bankruptcy Act, 11 U.S.C.A. § 32, in addition to the failure to keep books of account or records as a reason for refusal of discharge, sets forth: "* * * unless the court deems such acts or failure to have been justified under all the circumstances of the case."

The bankrupt was not conducting a mercantile establishment, but was a busy practicing dentist. His books—he had books—were kept by a female clerk none too competent as a bookkeeper. His records disclosed the amounts paid him by his patients, and, with a few exceptions, that such amounts were deposited in his office account with the Union Trust Company of Pittsburgh. The vice of his books and records, as indicated by the Master, was not that he had no books or records, but that such books and records disclosed large withdrawals of cash from his bank without any showing as to the purpose of them.

The testimony discloses that the bankrupt and his wife had accounts in a Wilkinsburg Bank for a number of years prior to the bankruptcy. Immediately prior to bankruptcy the accounts were merged into a joint account. Under the testimony of the bankrupt, which was uncontradicted, most of the cash withdrawals from the Union Trust Company were deposited in the

Wilkinsburg Bank and checked out for household and personal expenses, for use in a yearly vacation in Canada and traveling expenses. The amounts received from patients but not deposited in his main bank account were put into this account, bankrupt testified.

In view of the fact that no testimony indicates any willful attempt to conceal his financial condition or intent to defraud on the part of bankrupt, and that his failure was not a failure to keep books but a failure to note in his books and records a desirable specification of use intended of cash withdrawn (not unusual in accounts of professional men), the court feels that the refusal of his discharge is not demanded. See In re Nordheim, 2 Cir., 76 F.2d 888.

The exceptions to the Special Master's Report will be sustained and the bankrupt discharged upon presentation of the formal order.